UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WEST COAST LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL BLAKE, et al.,<br><br>    Defendants. | Case No.: 2:21-cv-01584-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 10, 12] |

Pending before the Court are Plaintiff's motions to extend the time to serve Defendant the Estate of Patricia L. Blake and to allow service on Defendant by publication. Docket Nos. 10, 12. The motions are properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motions are hereby **GRANTED**.

I.  MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 60 days to February 4, 2022.

II.  MOTION FOR SERVICE BY PUBLICATION

Plaintiff seeks an order allowing it to effectuate service by publication. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other

methods of locating the defendant, such as consulting public directories and family members.  *See, e.g., Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).  Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process.  *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.— Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Plaintiff has established that service by publication is warranted.  Plaintiff has attempted to effectuate service on Defendant on numerous occasions.  For example, Plaintiff has attempted personal service on Defendant's personal representative at her home address nine times without any answer.  Docket No. 12-1 at 2.  Further, Plaintiff has searched public records and used fee-based services to attempt to locate any additional contact information for Defendant's personal representative but has been unsuccessful.  Docket 12 at 2-3.  These circumstances suffice to allow service by publication at this juncture.

### III.  CONCLUSION

For the reasons discussed above, the motions to extend time and for service by publication are **GRANTED**.  Docket Nos. 10, 12.  The deadline to serve Defendant the Estate of Patricia L. Blake is extended to February 4, 2022.  Plaintiff must comply with the requirements of Rule 4 of the Nevada Rules of Civil Procedure.  Plaintiff must serve Defendant by publication in a newspaper of general circulation in the State of South Carolina on a weekly basis for a period of four weeks.  Plaintiff must also mail a copy of the summons and complaint to Defendant or Defendant's personal representative's last known address.  After publication is complete, Plaintiff must file an Affidavit of Publication.

IT IS SO ORDERED.

Dated: December 6, 2021

_____
Nancy J. Koppe
United States Magistrate Judge